# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA ADAMS, | ) |
| | ) C.A. No. 9-1368 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAYETTE HOME CARE AND HOSPICE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Plaintiff contends that Defendant, her former employer, terminated her employment in retaliation for her taking medical leave, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a). Before the Court is Defendant's Motion for Summary Judgment. For the following reasons, the Motion will be granted.

### OPINION

**I. Applicable Standards**

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion.

1

International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "A plaintiff cannot avoid summary judgment with speculation; he or she must provide competent evidence from which a rational trier of fact can find in his or her favor." United States v. 8 Bayview Terrace, No. 10-1546, 2010 U.S. App. LEXIS 17262, at *18 (3d Cir. Aug. 16, 2010).

## I. FACTS

Unless otherwise indicated, the following facts are undisputed. Plaintiff began working for Defendant as a hospice nurse in 2002. Defendant contends that it fired Plaintiff due to patients' allegations of sexually inappropriate conduct that occurred in June, 2009.

Plaintiff went on medical leave from June 24 through August 31, 2009. This was her fifth FMLA leave; she had taken approved medical leave in

2

2003, 2004, 2006, and 2007. Each time, she returned to her previous position without incident. While Plaintiff was out on her 2009 leave, Defendant received a complaint from patients that Plaintiff had showed them photographs of male genitalia on her cell phone. The patients stated that they did not want Plaintiff to return to their home.[1] Defendant investigated the complaint by speaking with the patients. It is Defendant's policy not to contact employees while they are on approved medical leave, so Defendant's Director and Manager did not meet with Plaintiff until August 31, when she returned to work. At that time, they apprised her of the patients' allegations, but not the patients' identities. It is disputed whether Plaintiff denied the allegations at the August 31 meeting. The following day, the Director consulted with human resources, and the decision was made to terminate Plaintiff. On September 2, she was discharged. At that time, Defendant contends, Plaintiff denied the allegations against her. Defendant also proffers other witness' testimony about Plaintiff's sexually inappropriate behavior at work.

## II. DEFENDANT'S MOTION

---

[1] Plaintiff does not proffer evidence to contradict that the complaints were, in fact, received by Defendant. Plaintiff contends that there is no admissible evidence of the complaints, because the patients were not identified in Defendant's Rule 26 disclosures. Assuming without deciding that the patients' testimony should be excluded, there is other evidence of record regarding the fact and substance of the complaints. For example, Defendant identified the visiting nurse who initially heard and reported the complaint to Defendant, and there is evidence that Diane Crosson spoke with the patients. Both of these witnesses were identified in Defendant's Rule 26 disclosures. Plaintiff has not made any objection or argument regarding the admissibility of Ms. Crouse's or Ms. Crosson's testimony.

"An employer that terminates an employee in retaliation for having taken FMLA leave violates the FMLA itself and its implementing regulations." Constant v. Mellon Fin. Corp., 247 Fed. Appx. 332, 337 (3d Cir. 2007). Such a claim is subject to the burden-shifting paradigm set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Thus, Plaintiff must initially establish a prima facie case of retaliation by demonstrating that she took an FMLA leave and suffered an adverse employment decision, and that there is a causal connection between the adverse employment decision and the FMLA leave. Conoshenti v. Public Svc. Electric & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004).

Then, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse action. Constant, 247 F. 3d at 339. An employer satisfies its burden of production by introducing evidence that would permit the conclusion that there was a nondiscriminatory reason for its actions. Fuentes, 32 F.3d at 763. The employer need not prove that the tendered reason actually motivated its behavior, and the Court must accept the proffer without measuring its credibility. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); Texas Dept. Of Comm. Affairs v. Burdine, 450 U.S. 248, 253, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981).

If a defendant meets this burden, the plaintiff must then show that the employer's stated reason is a pretext for unlawful retaliation, and not the

real motivation for its actions.  Id.  Plaintiff must do so by a preponderance of the evidence.  Ade v. Kidspeace Corp., No. 10-1868, 2010 U.S. App. LEXIS 23558, at *11 (3d Cir. Nov. 15, 2010).   At all times, the ultimate burden of proving intentional discrimination remains with the plaintiff.  Id.

Here, Defendant notes that Plaintiff relies on timing alone to establish causation, and argues that this is insufficient.  "Where the temporal proximity between the protected activity and the adverse action is 'unusually suggestive,' it is sufficient standing alone to create an inference of causality and defeat summary judgment." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007).   Here, Plaintiff returned from her FMLA leave, and Defendant decided to discharge her the following day.  This gap is sufficient to maintain Plaintiff's prima facie case.

Next, therefore, I must examine pretext.  Defendant has met its relatively light burden by contending that Plaintiff's discharge was based on patients' allegations that she engaged in inappropriate sexual conduct.   In order to demonstrate that this is pretextual, therefore, Plaintiff must "cast[] sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication . . . or . . . allow[] the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Wishkin v. Potter, 476 F.3d 180, 185 (3d Cir. 2007). It is not my role to assess whether the decision to terminate Plaintiff was

"wrong or mistaken," or "wise, shrewd, prudent, or competent." Robinson v. Mathews Int'l Corp., 368 Fed. Appx. 301, 305-06 (3d Cir. 2010).

Plaintiff presents no evidence that Defendant took her FMLA leave into account, but she attempts to cast doubt on Defendant's explanation. In order to do so, she "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." Fuentes v. Perskie, 32 F. 3d 759, 765 (3d Cir. 1994).

To discredit her former employer's explanation in this case, Plaintiff makes several discrete arguments. First, she points out that there is a dispute of fact regarding whether she denied the inappropriate conduct at the August 31 meeting, and that the Director's testimony with respect to Plaintiff's failure to deny the inappropriate conduct is, essentially, not believable. Second, she asserts that the identities of the complaining patients, whose declarations are now proffered, were not disclosed pursuant to Fed. R. Civ. P. 26 and must be excluded. She suggests that the failure to disclose implies that Defendant manufactured the patients' allegations. Finally, Plaintiff suggests that the delay in apprising her of the patients' complaints is suggestive of pretext.

Under present circumstances, none of these contentions would cause a reasonable factfinder to find Defendant's explanation unworthy of credence,

6

and therefore none are sufficient to establish pretext.  Whether or not Plaintiff denied the patients' allegations on August 31, or not until later, does not undermine Defendant's legitimate proffer that it received a complaint, and that its personnel spoke with the complaining patients, and decided to fire Plaintiff as a result.  The extent to which Plaintiff denied the allegations goes merely to the fairness and wisdom of Defendant's decision, and not to whether the proffered reason is a ruse.  Moreover, Plaintiff has not cast any doubt on Defendant's evidence that they waited to confront her about the patients' allegations because she was on leave, and Defendant has a policy against contacting patients on medical leave.  Thus, any time delay between complaint and confrontation, and the temporal proximity between her return from leave and her discharge, do not suggest pretext.

In addition, the fact that Defendant did not timely disclose the complainants' identities does not preclude summary judgment.  In the first instance, even if I were to exclude from consideration the patients' present declarations,[2] the fact and substance of their complaints to Defendant are included in the other evidence of record.  In context, although I do not condone Defendant's failure to identify the patients in accordance with Rule 26, that failure alone does not raise an inference, sufficient to overcome Defendant's Motion, that the complaints or complainants are false or

---

[2] Although I need not make such a finding at this time, it appears that Defendant's failure to disclose the patients' names was harmless.  See Fed. R. Civ. P. 26, 37(c)(1).  Plaintiff has no ground for claiming that she was unfairly surprised by the patients' affidavits.  Defendant did provide the patients' names in response to interrogatories.  See, e.g., Bick v. Harrah's Operating Co., No. 00-1677, 2001 U.S. App. LEXIS 445 (7th Cir. Jan. 5, 2001).

manufactured. Moreover, there is a complete absence of evidence to suggest that Defendant considered Plaintiff's FMLA leave when they decided to terminate her. For these reasons, Plaintiff has failed to cast doubt on Defendant's explanation, and has failed to adduce evidence sufficient to permit the reasonable inference that her FMLA leave motivated the discharge.

## CONCLUSION

Although I empathize with Plaintiff's situation, and her counsel capably resisted Defendant's Motion, anti-discrimination laws are aimed at illegal, rather than erroneous or ill-advised, employment actions. The facts of record and applicable legal standards require that the Motion be granted. An appropriate Order follows.

## ORDER

AND NOW, this 6th day of December, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment (Docket No. [28]) is GRANTED.

BY THE COURT:

S/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court